UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>RADOSLAV BOEV,<br>Defendant. | CASE NO. 2:20-CR-030<br><br>JUDGE JAMES L. GRAHAM<br>MAGISTRATE JUDGE NORA M. KING |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT BOEV'S MOTION FOR RELEASE

The United States respectfully submits this memorandum in opposition to defendant Boev's motion to revoke detention order (ECF No. 15). The United States concurs with the essential timeline set forth in Boev's Motion: Boev was ordered detained as both a flight risk and danger to the community after a detention hearing held in the Southern District of New York on January 16, 2020, after his arrest on a federal criminal complaint for conspiracy to possess with the intent to distribute controlled substances (ECF No. 1). Boev was then transported to the Southern District of Ohio by the U.S. Marshals' Service and indicted by the Federal Grand Jury here on a one-count indictment charging him with conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of Gamma-Hydroxybutyric acid (GHB) – commonly referred to as the "date rape drug" – a Schedule I controlled substance, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(C). At his arraignment before Magistrate Judge King on February 26, 2020, Boev was ordered to remain in federal custody.

Boev's motion for release from custody should be denied. While counsel for Boev details that there is a national health crisis involving the COVID-19 virus, the motion lacks any individualized evidence of any change in circumstances warranting reconsideration of the

detention issue.

Boev was arrested on a narcotics charge which carries a statutory presumption of detention, subject to the weighing of factors under 18 U.S.C. § 3142(g).  It should be noted that at the time of his arrest, Mr. Boev was found in possession of a substantial amount of GHB, and admitted to investigators that he had been trafficking the Schedule I controlled substance for a significant period of time. (Complaint at ECF No. 1)

Pursuant to § 3142(g), the magistrate judge court considered the nature and circumstances of the offense charged, the strength of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community which would be posed by the defendant's release.  All of these factors weighed against the release of Boev in addition to the statutory presumption.

Counsel for defendant now argues that the national pandemic is a new circumstance warranting Boev's release.  The motion offers hypothetical scenarios within a jail setting that *could* impact Boev's health but no evidence that anything of the sort has yet occurred.  In fact, as of this writing, there have been no confirmed cases of COVID-19 within the prison populations in the Central Ohio jail systems utilized by federal law enforcement. Boev cites to no case law or authority suggesting that a possible future physical condition, not yet manifested, is a valid reason for release.

The U.S. Marshals Service has instituted significant precautions regarding their interaction with prisoners and likewise all jail facilities are enacting stringent measures to reduce the risk of virus spread.  Included among these efforts are strict limitations on visitation, regular screening of any new prisoners, lessening intake of minor felony arrests (unlike the instant case) and specialized health training and procedures for correctional officers.   Upon information

provided to the Marshals and the U.S. Attorney's Office, Franklin County Jail has reviewed the directives and recommendations of the Centers for Disease Control and Prevention (CDC), the Ohio Department of Health, the Delaware County Department of Health, the Ohio Department of Rehabilitation and Correction Bureau of Adult Detention, and the Governor's Office and is working to best implement those recommendations.

Additionally, as with all correctional facilities of a certain age, the Franklin County Jail has experience protecting against disease transmission and outbreak. During the recent outbreaks of SARS, Ebola, H1N1, and avian flu, the Jail employed additional screenings and precautions. The Jail had no confirmed cases. The precautions the Jail is taking for COVID-19 exceed those the Jail took for these other recent outbreaks. Jail staff are accustomed to controlling more common viral diseases, such as seasonal flu, and has established procedures of isolation and medical monitoring. Although the Jail has had confirmed cases of seasonal flu and other more common diseases, it has had no major viral outbreaks. For COVID-19, the Jail has adopted quarantine procedures, set in place by the Jail's health director. It has set aside cells for possible quarantine if necessary.

In essence, in relying on the existence of the COVID-19 virus to bolster his claim for release, the premise of the instant motion for release – that there are health risks attendant in incarceration, and that detention has made it more difficult for the defense to meet with his client in preparation for trial – would similarly apply to every prisoner in the federal system and by extension all should be released for fear of hypothetical exposure. Given this unreasonable result, the motion must fail on its face. Further, releasing Mr. Boev from a confined and controlled population into the community also could have potential additional health implications which could exponentially increase the risk of exposure to numerous others.

In short, Boev has offered no significant evidence that he is somehow more at risk and/or more susceptible to potential exposure than any other federal prisoner. Absent evidence to the contrary, the detention Order should not be disturbed. The COVID-19 virus is clearly impacting every aspect of society and release of a defendant into the community is certainly no guarantee of safety and good health. Defendant Boev has been properly determined to be a danger to the community and a risk of flight. Under these circumstances, the issue of detention does not warrant revisiting and Boev should remain detained.

DAVID M. DeVILLERS
United States Attorney


s/Michael J. Hunter
MICHAEL J. HUNTER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Response in Opposition was served on attorney for defendant, George Chaney, via this Court's ECF system on April 3, 2020.

s/Michael J. Hunter
MICHAEL J. HUNTER
Assistant United States Attorney