IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                        Case No. 2:20-cr-30

Radoslav Boev

OPINION AND ORDER

    Defendant was arrested in the Southern District of New York on the criminal complaint filed in the instant case.  On January 16, 2020, a United States magistrate judge in that district held a detention hearing and ordered that defendant be detained.  On February 18, 2020, a federal grand jury in the Southern District of Ohio returned a one-count indictment charging defendant with conspiracy to possess with intent to distribute gamma-hydroxybutyric acid ("GHB"), a Schedule I controlled substance commonly referred to as the "date rape drug," in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(C).  Following defendant's arraignment on this charge in this district, the magistrate judge ordered that the defendant be continued on detention.

    This matter is before the court on the defendant's motion for release from custody due to the COVID-19 pandemic.  Defendant relies on 18 U.S.C. §3142(i), which states:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Defendant argues that his release from custody is warranted due to the dangers posed to the inmate population from COVID-19.  He also contends that his detention poses obstacles to trial preparation

due to the restrictions at the jail which limit his counsel's ability to confer with him. Defendant requests that he be permitted to reside with his mother in Queens, New York, under home confinement. The government has filed a memorandum in opposition to the motion.

Defendant does not contest the basis for the original order of detention. The magistrate judge concluded that although defendant had presented evidence sufficient to rebut the presumption arising under 18 U.S.C. §3142(e)(3)(A), applicable to controlled substances offenses carrying a maximum term of imprisonment of ten years or more, detention was warranted in light of all relevant factors. Doc. 4-1, p. 2. The magistrate judge found that the government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Considering the factors in 18 U.S.C. §3142(g), the magistrate judge concluded that detention was warranted because the weight of evidence against the defendant is strong. Doc. 4-1, p. 2. Looking to the complaint filed in this case, that evidence includes video tapes of defendant mailing three parcels containing GHB to a recipient in Columbus, Ohio; video tapes of defendant mailing three additional shipments of GHB which were sent to a postal inspector who made three controlled buys from defendant's online persona "CHILLTIMES" on Darknet market sites; the interception by Customs and Border Protection agents of two international parcels addressed

2

to "Rod Boev" which contained gamma-butyrolactone, an analogue of GHB; evidence from the search of defendant's apartment, including numerous computers, mobile phones electronic storage devices, laboratory equipment, mail shipping envelopes, scales, precursor chemicals for making GHB, nine large containers of GHB and 169 small bottles of GHB ready for distribution; and defendant's statements to investigators admitting that he had been using and selling GHB for about two years. See Doc. 1.

The magistrate judge noted that defendant is subject to a lengthy period of incarceration (up to twenty years) if convicted; that defendant had no stable employment; that, as a Bulgarian citizen, he had significant family or other ties outside the United States; and that he would be subject to removal or deportation (having his permanent residence status revoked) if convicted. Doc. 4-1, p. 2-3. The magistrate judge also based the detention order on the nature and circumstances of the offense; the level of sophistication of the crime, including the use of the internet and the dark web; the means of evasion and deception available to the defendant; and his access to substantial crypto-currency. Doc. 4-1, p. 3. The court agrees with the magistrate judge's determination that the circumstances of this case and the statutory factors in §3141(g) warrant the defendant's detention.

As to defendant's concern about COVID-19, defendant has not alleged that he has any particular health conditions which place him at greater risk if he contracts COVID-19. Defendant is 36 years old. He has presented no evidence of any significant outbreak of COVID-19 in his facility. To date, news reports have indicated that two inmates in the Jackson Pike facility have tested

positive for COVID-19. However, there is no evidence that the facility is unprepared to implement suitable quarantine procedures for inmates who test positive.

Defendant has also not established how living with his mother will mitigate his risk of infection. Defendant seeks to return to New York, New York, which currently has the largest outbreak of COVID-19 in the country. Placing defendant on home confinement at his mother's residence would not prevent others from visiting him there, which may expose him to the disease. His release on bond would create an additional risk of exposure to the disease for the pretrial service officers assigned to monitor the defendant. In contrast, as defendant has indicated, access to jails here is limited and strictly enforced. In light of the evidence that defendant conducted many of his criminal activities using the internet and the dark web, the condition of home confinement would not provide sufficient safeguards against his continuation of these activities. The evidence of defendant's criminal activities also casts doubt on whether he would comply with any shelter-in-place restrictions. Thus, defendant's release in the community would not guarantee defendant's safety and good health. There is clear and convincing evidence that defendant's release on home confinement would pose a danger to the safety of others in the community.

In regard to defendant's claim that he is unable to assist his counsel while in jail, counsel's lack of access to the jails can be taken into account in scheduling a trial date. In fact, all trials scheduled prior to June 1, 2020, were recently continued pursuant to General Order No. 20-08. Defendant also does not explain how his release to reside with his mother in New York would make it any

4

easier for his counsel here in Columbus, Ohio, to confer with him, particularly in light of the COVID-19 risks posed by travel. The court will ensure that defendant and his counsel have sufficient time to prepare for trial after the jail restrictions are lifted.

The court concludes that the release of the defendant is not necessary for the preparation of his defense or for any other compelling reason, and that defendant's continued detention is warranted based on the relevant statutory factors. Defendant's motion for release on bond due to COVID-19 (Doc. 15) is denied.

Date: April 16, 2020              s/James L. Graham
                                  James L. Graham
                                  United States District Judge