IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                   Case No. 2:20-cr-30

Radoslav Boev

OPINION AND ORDER

     Defendant was arrested in the Southern District of New York on the criminal complaint filed in the instant case. On January 16, 2020, a United States magistrate judge in that district held a detention hearing and ordered that defendant be detained. On February 18, 2020, a federal grand jury in the Southern District of Ohio returned a one-count indictment charging defendant with conspiracy to possess with intent to distribute gamma-hydroxybutyric acid ("GHB"), a Schedule I controlled substance commonly referred to as the "date rape drug," in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(C). Following defendant's arraignment on this charge in this district, the magistrate judge ordered that the defendant be continued on detention.

     Defendant previously filed a motion for emergency release from custody due to the COVID-19 pandemic, relying on 18 U.S.C. §3142(i), which states:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Defendant requested that he be permitted to reside with his mother in Queens, New York, under home confinement.

     In denying the motion, this court agreed with the finding of

the magistrate judge that the government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. The court concluded that the evidence against the defendant is strong, and that the circumstances of this case and the statutory factors in §3141(g) warranted the defendant's detention. The court observed that defendant failed to allege that he had any particular health conditions which place him at greater risk if he contracts COVID-19, nor had he shown that the facility where he was detained was unprepared to implement suitable quarantine procedures for inmates who test positive. Defendant also did not show how living with his mother in New York would mitigate his risk of infection.

Defendant has now filed a motion asking the court to reconsider its previous denial of emergency release due to the COVID-19 pandemic. Defendant has presented medical records from 2016 documenting that he was diagnosed as having a deviated septum. Defendant alleges that this condition significantly affects his breathing and puts him at increased risk of contracting COVID-19. The government has filed a response in opposition to the motion.

Under 18 U.S.C. §3142(e), a judicial officer shall order the detention of a defendant pending trial if he finds that no condition or combination of conditions will reasonably assure the appearance of the defendant a s required or the safety of the community. Under 18 U.S.C. §3142(g), factors to be considered include the nature and circumstances of the offense charged; the

2

weight of the evidence against the defendant; the history and characteristics of the defendant, including family and community ties, residence in the community, employment and criminal history, and the nature of any danger to persons in the community which would be posed by defendant's release.

Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances, Act, 21 U.S.C. §801 et seq. 18 U.S.C. §3142(e). The return of an indictment in this case charging an offense under 21 U.S.C. §846 was sufficient to establish probable cause to believe that the defendant committed an offense that triggers the presumption in favor of detention. See United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010).

The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community. United States v. Woods, 230 F.3d 1361 (table), 2000 WL 1478370 (6th Cir. 2000). The government is then required to demonstrate risk of flight by a preponderance of the evidence and danger to the community be clear and convincing evidence. United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985); 18 U.S.C. §3142(f)(2)(B). However, the presumption does not vanish simply because a defendant comes forward with evidence to rebut it; rather, "the rebutted presumption retains evidentiary weight." United States v. Dillon, 938 F.2d 1312, 1316 (1st Cir. 1991).

Defendant is charged with conspiracy to distribute GHB, an

offense which carries a possible term of incarceration of up to twenty years. The weight of the evidence against defendant is strong. The complaint filed in this case indicates that the evidence includes video tapes of defendant mailing three parcels containing GHB to a recipient in Columbus, Ohio; video tapes of defendant mailing three additional shipments of GHB which were sent to a postal inspector who made three controlled buys from defendant's online persona "CHILLTIMES" on Darknet market sites; the interception by Customs and Border Protection agents of two international parcels addressed to "Rod Boev" which contained gamma-butyrolactone, an analogue of GHB; evidence from the search of defendant's apartment, including numerous computers, mobile phones electronic storage devices, laboratory equipment, mail shipping envelopes, scales, precursor chemicals for making GHB, nine large containers of GHB and 169 small bottles of GHB ready for distribution; and defendant's statements to investigators admitting that he had been using and selling GHB for about two years. See Doc. 1.

As the magistrate judge noted in commenting on the nature and circumstances of the offense, the defendant is charged with a sophisticated crime committed through the use of the internet and the dark web and access to substantial crypto-currency. Defendant has a bachelor's degree in pharmacology and began PhD studies in molecular medicine. The complaint indicates that defendant purchased precursor chemicals, sold GHB over the internet, and manufactured GHB in his apartment. In light of the evidence that defendant conducted many of his criminal activities using the internet and the dark web, the condition of home confinement would

not provide sufficient safeguards against his continuation of these activities.

As to the history and characteristics of the defendant, the pretrial services report reveals that defendant had been unemployed for three years. He has a history of depression and anxiety. He is a Bulgarian citizen. He has traveled outside of the United States for vacation purposes. In support for the argument that defendant is not likely to flee to Bulgaria, defendant's mother reported that defendant does not speak Bulgarian. Defendant also asserts that his passport can be surrendered. Although defendant may not be inclined to go to Bulgaria, that does not mean that he does not pose a risk of flight. The fact that defendant is facing a substantial jail term and his permanent residence status in the United States could be revoked if he is convicted enhances the risk that he is likely to flee if released. The court finds that the nature of the offense, the statutory presumption, the history and characteristics of the defendant, and the other statutory factors in §3142(g) warrant the defendant's detention.

A defendant may request temporary release under §3142(i) based on compelling circumstances. Defendant has the burden of establishing circumstances warranting temporary release. United States v. Bothra, No. 20-1364, 2020 WL 2611545, at *2 ((6th Cir. May 21, 2020). The release must be temporary, that is, no longer than needed to resolve the compelling circumstances. Id. (citing United States v. Shelton, No. 3:19-cr-14, 2020 WL 1815941, at *3 (W.D. Ky. Apr. 9, 2020)). Prior to COVID-19, relief under §3142(i) was granted "only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious

injuries.'" Id. (quoting United States v. Hamilton, No. 19-CR-54-1, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)). The Sixth Circuit noted in Bothra that courts have been "reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." Id. (citing United States v. Smoot, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020)).

Defendant has produced evidence that he has a deviated septum. He claims that this places him at greater risk of contracting COVID-19 and experiencing serious symptoms. However, he has offered no medical evidence in support of this assertion. The pretrial services report stated that defendant is thirty-six years old. He has identified no other health problems which would place him in a high-risk category. In addition, release under §3142(i) must be temporary. Defendant did not request a temporary release with a certain end date. The court assumes that defendant is asking to be released on home detention until his trial. However, there is no clear end to the COVID-19 outbreak in sight. If defendant is convicted at trial and the court orders his detention, there is no guarantee that the COVID-19 risk in the jails and prisons will have abated by then.

Defendant is currently confined in the Butler County Jail. The government contends that the officials there have taken aggressive steps to combat the spread of the virus by limiting interactions with individuals who may be infected. As defendant indicated in his previous motion, access to jails is limited to attorney visits and this policy is strictly enforced. According to the minutes of the May 22, 2020, meeting of this court's Executive

Pandemic Team, the Butler County Jail currently houses approximately 800 inmates. Chief Deputy Marshal Stuart reported as of May 22, 2020, one inmate was in isolation (the designation for suspected cases of COVID-19), no inmates had tested positive or were quarantined, and no staff members had tested positive or were quarantined. Defendant has produced no evidence that there are currently cases of COVID-19 among the inmates at the Butler County Jail, or that officials at the jail are not taking adequate precautions against the spread of COVID-19.

In contrast, defendant seeks to return to New York City. Placing defendant on home confinement at his mother's residence would not prevent others from visiting him there, which may expose him to the disease. The evidence of defendant's criminal activities casts doubt on whether he would comply with any shelter-in-place restrictions. Thus, defendant's release in the community would not guarantee defendant's safety and good health. Defendant asserts that the number of new COVID-19 cases in New York is decreasing. However, according to the website for the Center for Disease Control, the State of New York has, to date, 167,467 total cases of COVID-19, and 8,130 total COVID deaths. See https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last checked June 2, 2020). Considering all of the circumstances, defendant is arguably less vulnerable to COVID-19 while detained in the Butler County Jail than he would be if he is released on home confinement in New York City.

Defendant's speculation concerning his vulnerability to COVID-19 while in detention due to his deviated septum is not a compelling reasons for his temporary release under §3142(i),

7

particularly in light of the court's finding under §3142(e) that no condition or combination of conditions will reasonably assure defendant's appearance or the safety of the community.  Defendant's motion for reconsideration of the denial of his motion for emergency motion for release due to COVID-19 (Doc. 22) is denied.

    It is so ordered.

Date: June 3, 2020                            s/James L. Graham
                                                   James L. Graham
                                                   United States District Judge